UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, INC., | ) | CASE NO.1:17CV2282 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| SHENZEN DIKA NA'ER | ) | **ORDER** |
| E-COMMERCE CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff, The Noco Co., Inc.'s Motion to Leave to Serve Defendant Through Alternative Means (ECF # 6). For the following reasons, the Court grants Plaintiff's Motion.

On October 30, 2017, Plaintiff filed its lawsuit against Defendant for Patent Infringement of Plaintiff's patented battery jump starter, the GENIUS BOOST. Defendant is a Chinese company that sells its allegedly infringing product through Amazon. Before initiating its suit, Plaintiff attempted to ascertain a physical address, email address or other contact information by searching Defendants website, Amazon, the United States Patent and Trademark Office (USPTO) ICANN, Google and other social media platforms, including Facebook, all to no avail.

Plaintiff attempted physical and electronic service of the Waiver of the Service of Summons and Complaint. Plaintiff attempted service on Defendant's website email. Defendant responded that it did not accept electronic email service but demanded service through alternatives under applicable federal law or judge-authorized means. On October 31,

2017, Plaintiff requested from Defendant the name and address of Defendant's representative for purposes of effectuating service. As of November 15, 2017, no response has been given.

On October 30, 2107, counsel for Plaintiff submitted to Defendant through Defendant's web-based inquiry form, information concerning the lawsuit and counsel's contact information. Plaintiff received a thank you message acknowledging receipt of the inquiry. As of November 15, 2017, no further response has been given. The same occurred on Defendant's Facebook page. Plaintiff attempted the same service through Amazon's Message Center with no response. Plaintiff discovered the address of a correspondent for Defendant with the USPTO and an email address. Plaintiff attempted service via both physical delivery to the address by Federal Express and electronic service. Both were delivered on November 2, 2017, but as of November 15, 2017, no response has been given. Plaintiff attempted delivery through a law firm that was listed as correspondent in a transaction for Defendant but received a response that the firm no longer represents Defendant in patent related matters. The firm indicated it would forward the lawsuit information to Defendant. Plaintiff delivered the lawsuit information to a website for Defendant listed at Global Sources but that address was not Defendant's. Plaintiff has not been able to discover any valid physical address for Defendant.

The USPTO has identified Defendant as the owner of the Suaoki trrademark and lists an address which Plaintiff attempted to deliver the lawsuit documents but came back as undeliverable due to an incorrect address. Therefore, Plaintiff has informed the Court it is unable to locate a physical address for Defendant. Plaintiff asks leave of Court to serve defendant by electronic service to the Suaoki email address and Facebook messenger.

Federal Rule of Civil Procedure 4(h) governs service of a corporation, partnership or association and reads:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P 4(f) governs service on foreign parties. Rule 4(f) reads:

**<u>Serving an Individual in a Foreign Country.</u>**

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to

> the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

The preferred method for service of a foreign party is service pursuant to the methods authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed.R.Civ.P. 4(f)(1). "The Hague Convention is the exclusive method of effecting service between signatories to the convention." *Midmark Corp. v. Janak Healthcare Private Ltd.,* No. 3:14 CV 088, 2014 WL 1764704, at *1 (S.D. Ohio May 1, 2014), citing *Kreimerman v. Casa Veerkamp S.A. de C. V.,* 22 F.3d 634, 643–44 (5th Cir.1994). Both China and the USA are signatories to the Hague Convention. *Lexmark Intern., Inc. v. Ink Technologies Printer Supplies, LLC,* 295 F.R.D. 259, 261 (S.D.Ohio 2013). There is no evidence that Plaintiff has attempted to serve Defendants by the methods described in the Hague Convention.

Rulings on alternative service of process under Federal Rule of Civil Procedure 4(f)(3) are discretionary since "the plain language of the rule stipulates that a district court 'may' direct alternative means of service." *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 921 (11th Cir.2003); *C & F Systems, LLC v. Limpimax, S.A.,* 2010 WL 65200, * 1–3 (W.D.Mich.2010). "A district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'"

*Midmark* at *1, quoting *FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D.Va.2005).

"Even if service by alternative means is appropriate under the Convention, service must still satisfy due process under the Constitution of the United States." *Midmark* at *1, citing *Lexmark Intern.,* 295 F.R.D. at 261 (citing Fed.R.Civ.P. 4, Advisory Committee Note to Subdivision (f)(3) ("Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.").

However, the Hague Convention does not apply when the address of the person to be served is unknown. *Art 1 Hague Convention* 20 U.S.T. 361 1969 WL 97765 (1969). Furthermore, federal courts have repeatedly found that email service is not prohibited by the Hague Convention. See *Medical Protective Co. v. Center for Advanced Spine Technologies, Inc*. No. 1:14CV005, 2014 WL 12653861 *2 (S.D. Ohio Jan.13, 2014). In light of Plaintiff's good faith efforts to serve Defendant via both physical and electronic means, the Court grants Plaintiff's Motion and orders Plaintiff to serve Defendant via the Suaoki email address and Facebook messenger. Plaintiff shall comply with Fed. R. Civ. P. 4 by providing proof of service once service is completed by the above approved means.

      IT IS SO ORDERED.

                              s/ Christopher A. Boyko
                              CHRISTOPHER A. BOYKO
                              United States District Judge

Dated: November 22, 2017