**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **THE NOCO COMPANY, INC.** | ) | **CASE NO.1:17CV2282** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **SHENZHEN DIKA NA'ER** | ) | **OPINION AND ORDER** |
| **E-COMMERCE CO., LTD.** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion to Dismiss (ECF DKT # 17) by Defendant Shenzhen Dika Na'er E-Commerce Co., Ltd. For the following reasons, the Court denies Defendant's Motion. Plaintiff has also filed a Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Dismiss (ECF DKT # 21). Because the Court denies Defendant's Motion, it is not necessary to consider the additional case law contained in Plaintiff's Motion for Leave to File Sur-Reply.

According to Plaintiff, Defendant infringed Plaintiff's patented car jump starting device by selling five similar devices. Plaintiff's Complaint alleges one claim for Patent Infringement.

**Background Facts**

In 2014, Plaintiff The NOCO Company, Inc. ("Plaintiff") introduced a lithium-ion battery-powered jump starter (the "Genius Boost") on to the market. Compl. ¶ 11. On July 3, 2014, Plaintiff filed a utility patent application for the Genius Boost, which was granted and issued as U.S. Patent No. 9,007,015 (the "'015 Patent") on April 14, 2015. Compl. ¶ 14. The '015 Patent discloses and claims a handheld jump starter that includes a lithium-ion battery, microcontroller and sensors to detect whether the device is properly connected to both terminals of a vehicle battery:

> Apparatus for jump starting a vehicle engine, comprising:
>
> an internal power supply;
>
> an output port having positive and negative polarity outputs;
>
> a vehicle battery isolation sensor connected in circuit with said positive and negative polarity outputs, configured to detect presence of a vehicle battery connected between said positive and negative polarity outputs;
>
> a reverse polarity sensor connected in circuit with said positive and negative polarity outputs, configured to detect polarity of a vehicle battery connected between said positive and negative polarity outputs and to provide an output signal indicating whether positive and negative terminals of said vehicle battery are properly connected with said positive and negative polarity outputs of said output port;
>
> a power switch connected between said internal power supply and said output port; and
>
> a microcontroller configured to receive input signals from said vehicle isolation sensor and said reverse polarity sensor, and to provide an output signal to said power switch, such that said power switch is turned on to cause

> said internal power supply to be connected to said output
> port in response to signals from said sensors indicating the
> presence of a vehicle battery at said output port and proper
> polarity connection of positive and negative terminals of
> said vehicle battery with said positive and negative polarity
> outputs, and is not turned on when signals from said
> sensors indicate either the absence of a vehicle battery at
> said output port or improper polarity connection of positive
> and negative terminals of said vehicle battery with said
> positive and negative polarity outputs.

Compl. ¶¶ 15, 17.

Plaintiff alleges that Defendant Shenzhen Dika Na'er E-Commerce Co., Ltd. ("Defendant") sold five similar devices (the "Suaoki Models") which infringed the '015 Patent:

> Shenzhen Dika infringes the '015 Patent in violation of 35 U.S.C.
> § 271 by making, using, offering to sell and/or importing at least
> the following models of compact lithium jump starters sold under
> the brand name Suaoki that have safety features claimed in the
> '015 patent: K12 8000mAh 300A Peak Jump Starter Lithium
> Battery Booster Powerpack, T10 400A Peak 12000 mAh Car Jump
> Starter Battery Booster Powerpack, U10 800A Peak 20000mAh
> Portable Car Battery Jump Starter, U28 2000A Peak Jump Starter
> Pack and U3 400A Peak Jump Starter Lithium ion Phone Charger
> and Battery Booster.

Compl. ¶ 18. Plaintiff alleges that each of the Suaoki Models meets each element of Claim 1 of the '015 Patent:

> Each of the Infringing Models has a lithium battery pack
> that acts as an internal power supply.
>
> Each of the Infringing Models has positive and negative
> polarity outputs on an output connector.
>
> Each of the Infringing Models has an optocoupler sensor
> that senses the presence of a vehicle battery: when a vehicle

> battery is connected to the device's terminals, voltage signals from the device's lithium battery pack are immediately raised and a LED showing that a jump start in process is illuminated, indicating that the optocoupler has sensed the presence of a battery.
>
> Each of the Infringing Models has a sensor that outputs a signal indicating whether a battery is connected in proper polarity; for example, when a battery is connected to the device in a reverse polarity state, the sensor causes a red LED indicating a reverse connection to be illuminated.
>
> Each of the Infringing Models has a transistor that controls the device's power switch.
>
> Each of the Infringing Models has a microcontroller that receives signals from the above-described sensors and processes them such that the device is not turned on when the sensors indicate that a battery is not connected to both outputs, or that the connection is in a reverse polarity state.

Compl. ¶ 19. Plaintiff's Complaint alleges Patent Infringement in Violation of 35 U.S.C. § 271.

**<u>Defendant's Motion</u>**

Defendant argues that Plaintiff has not sufficiently and plausibly pleaded its Patent Infringement claim. Instead, Defendant contends that Plaintiff has merely named five of Defendant's products, alleged that these products have the same "unnamed 'safety features claimed in the '015 Patent,'" and alleged that these products meet each element of Plaintiff's Patent Infringement Claim in the same way. Defendant argues that Plaintiff does not provide sufficient "evidence... by way of circuit schematics, reverse engineering reports, product images, or any other source whatsoever," and that Plaintiff merely parrots the elements of its Patent Infringement Claim. Therefore, Defendant requests that the Court grant its Motion and dismiss Plaintiff's Complaint.

**Plaintiff's Response**

Plaintiff argues that Defendant's Motion to Dismiss "erroneously seeks to elevate Plaintiff's... obligation to allege facts that, if proven, plausibly establish infringement into a requirement that the Complaint supply actual evidence of infringement." Plaintiff contends that its Complaint sufficiently alleges a claim for Patent Infringement because it states which features of the Suaoki Models infringed the '015 Patent. Plaintiff does not have a duty to provide "circuit schematics, reverse engineering reports, product images," or any other evidence of infringement at this stage but merely to allege facts that, if proven, establish a claim for Patent Infringement. Therefore, since Plaintiff has alleged enough facts to put Defendant on notice and since Plaintiff is not required to prove its case at the pleading stage, Plaintiff requests that the Court deny Defendant's Motion to Dismiss.

## LAW AND ARGUMENT

**Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed

*Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Has Plaintiff sufficiently pleaded its Patent Infringement Claim?**

In order to state a claim for Patent Infringement, Plaintiff must plead facts to plausibly allege that Defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a) (2018). Until December 1, 2015, in stating a claim for direct patent infringement, it was sufficient to comply with Form 18 of the Appendix of Forms to the Federal Rule of Civil Procedure, which required only the following elements to be present in the complaint:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an

injunction and damages.

*Novitaz, Inc. v. inMarket Media, LLC*, No. 16-CV-06795-EJD, 2017 WL 2311407 at *1 (N.D.Cal. May 26, 2017). However, on December 1, 2015, the Federal Rules of Civil Procedure were amended to abrogate Rule 84 and thus, the Appendix of Forms, including Form 18. *Id.* at *2. "Since this change, the majority of district courts have assessed the sufficiency of claims for direct patent infringement under the standard set forth in *Twombly* and *Iqbal*." *Id.* Therefore, it is now "incumbent on a plaintiff to provide a readable document that plausibly alleges infringement." *SIPCO, LLC v. Streetline, Inc.*, No. 1:16-CV-00830-RGA (D.Del. June 21, 2017) (Mot. Dismiss Ex. A).

"[T]o plausibly state a claim for patent infringement... the complaint [must] relate its factual allegations to an asserted claim of the patent." *SIPCO*, Mot. Dismiss Ex. A. In *SIPCO*, the plaintiff filed a complaint which "ma[de] no attempt to connect anything in the patent claims to anything about any of the accused products." *Id.* While the plaintiff did describe the accused products, the plaintiff failed to provide any detail comprehensible by the court which indicated what specific components of the accused product violated each element of the patent. *See id.*

In order to fulfill the *Twombly*/*Iqbal* requirements, the complaint may "identif[y] what it is in the accused product that is said to amount to [each element of the patent]... and/or plea[d] facts that explain why it is likely that the accused product has something that could be considered [each element]." *North Star Innovations, Inc. v. Micron Tech., Inc.*, No. 1:17-506-LPS-CJB (D.Del. Nov. 16, 2017) (Mot. Dismiss Ex. B). In *North Star*, the plaintiff's patent infringement complaint merely "parroted back the language of these claim

elements and... stated that the accused product is comprised of such elements," without alleging any additional facts or reasoning behind these assertions. *Id.* As a result, the court dismissed the plaintiff's complaint for failure to state a claim. *Id.*

Here, Defendant alleges that Plaintiff's Complaint does little more than those at issue in *SIPCO* and *North Star* and thus, should be dismissed. However, Plaintiff's Complaint contains significantly more detail than the complaints at issue in those cases. Unlike the plaintiff in *SIPCO*, Plaintiff has "relate[d] its factual allegations to an asserted claim of the patent" by explicitly pairing each allegation with the patent element it is said to fulfill. Mot. Dismiss Ex. A. For example, the third element of the '015 Patent recites "a vehicle battery isolation sensor connected in circuit with said positive and negative polarity outputs, configured to detect presence of a vehicle battery connected between said positive and negative polarity outputs." Compl. ¶ 17. In connection with this element, Plaintiff's Complaint alleges:

> Each of the Infringing Models has an optocoupler sensor that senses the presence of a vehicle battery: when a vehicle battery is connected to the device's terminals, voltage signals from the device's lithium battery pack are immediately raised and a LED showing that a jump start in process is illuminated, indicating that the optocoupler has sensed the presence of a battery.

Compl. ¶ 19. Plaintiff's allegations for other claim elements are similar. *See* Compl. ¶ 19. Plaintiff uses language connecting each allegation to a specific element of the '015 Patent (for example, "vehicle battery isolation sensor" from the '015 Patent and "sensor that senses the presence of a vehicle battery" from the allegations). Compl. ¶¶ 17, 19. Furthermore, Plaintiff's Complaint orders its allegations in the same way that the elements of the '015 Patent are ordered, making it obvious which allegations Plaintiff means to pair with each

element of the '015 Patent. Therefore, Plaintiff has met its burden of relating its allegations to specific elements of the '015 Patent.

Defendant further contends that Plaintiff has merely "parrot[ed] back the language of these claim elements and... stat[ed] that the accused product is comprised of such elements," as the plaintiff in *North Star* did. Mot. Dismiss Ex. B. However, Plaintiff has done considerably more than the plaintiff in *North Star*. Plaintiff has met its burden of "identifying what it is in the accused product that is said to amount to [each element of the patent]... and/or pleading facts that explain why it is likely that the accused product has something that could be considered [each element]." *Id.* Using the same example from above, it is clear that Plaintiff has not merely parroted the language of the '015 Patent but rather added details which explain why it is likely that the Suaoki Models infringed the '015 Patent. Rather than simply stating that the Suaoki Models contain "a vehicle battery isolation sensor connected in circuit with said positive and negative polarity outputs, configured to detect presence of a vehicle battery connected between said positive and negative polarity outputs," Plaintiff has provided additional facts about the Suaoki Models to support its assertion; namely, Plaintiff states that the Suaoki Models contain an LED which is illuminated when a vehicle battery is connected and a jump start is in progress. Compl. ¶¶ 17, 19. These facts provide support for Plaintiff's allegation that the Suaoki Models contain "a vehicle battery isolation sensor... configured to detect presence of a vehicle battery," as protected by the '015 Patent, since the illumination of an LED may plausibly indicate the presence of a sensor of the type protected by the '015 Patent. Compl. ¶ 17.

The third element of Plaintiff's claim is used as an example; all of the other elements

9

also meet Plaintiff's burden. While it is true that Plaintiff has provided more detail in support of some allegations than others, Plaintiff has expressly connected each accusation to a specific claim in the '015 Patent as required by *SIPCO*, and has provided some explanation for why it is likely that the Suaoki Models infringed each element of the '015 Patent, as required by *North Star*. *North Star* seems to recognize that some allegations require more explanation than others. *See* Mot. Dismiss Ex. B ("The Court can imagine that as to some types of straightforward apparatus claims, for example, simply setting out what the patent claims require and then reproducing a picture of an accused product (perhaps with a little explanation of what is depicted) might be all that is needed. As to other apparatus claims, such as those implicating more complicated technology like that at issue [in *North Star*], more is likely going to be necessary.").

Therefore, the Court finds that even those allegations which are relatively straightforward and short have been sufficiently pleaded. For example, for the first element of the '015 Patent ("an internal power supply"), Plaintiff simply states that each of the Suaoki Models "has a lithium battery pack that acts as an internal power supply." Compl. ¶¶ 17, 19. However, this element, is not insufficiently plead simply because Plaintiff has only included one sentence about it. *Id.* Plaintiff has plausibly alleged a fact (that the Suaoki Models "[have] lithium battery pack[s]") which fulfills the first element of the '015 Patent ("an internal power supply"). *Id.* Therefore, the Court finds that this element, as well as the rest of the elements in Plaintiff's Complaint, has been sufficiently pleaded.

Defendant further implies that Plaintiff has a duty to provide "evidence that... such elements exist in any of the accused Suaoki branded products by way of circuit schematics,

reverse engineering reports, product images, or any other source." Mot. Dismiss at 4.

However, *North Star* specifically states that the plaintiff's burden at the pleading stage "may not necessarily require provision of circuit schematics, reverse engineering reports, product images, data sheets and tear down reports." (Internal quotations omitted). Mot. Dismiss Ex. B. Plaintiff's burden may instead "simply require some factual explanation for what it is about the product that leads Plaintiff to think it has the required elements." *Id.* As discussed above, Plaintiff's Complaint has met this burden. Therefore, the Court denies Defendant's Motion to Dismiss.

Lastly, Defendant argues that Plaintiff's Complaint "arbitrarily groups together five products based on unidentified 'safety features claimed in the '015 patent.'" Mot. Dismiss at 5. However, it appears from the Complaint that the five Suaoki Models are, in essence, versions of the same product, differing only in some of their technical specifications. Furthermore, Plaintiff has claimed specific facts regarding all five products that plausibly infringe each element of the '015 Patent. Taking these allegations as true, it appears that each Suaoki Model infringes the '015 Patent in the same way(s). There is no reason for Plaintiff to separately allege the same facts for each Suaoki Model. Furthermore, Defendant has failed to produce any authority that holds that such grouping undermines an otherwise sufficiently pleaded complaint.

Therefore, for the foregoing reason, the Court denies Defendant Shenzhen Dika Na'er E-Commerce Co., Ltd.'s Motion to Dismiss (ECF DKT # 17). Because the Court is not persuaded by Defendant's Motion to Dismiss, the Court finds that it is unnecessary to consider the material contained in Plaintiff's Motion for Leave to File Sur-Reply. Thus, the

Motion for Leave to File Sur-Reply (ECF DKT # 21) is denied as moot.

    IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated: June 28, 2018